IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **CARLETON W. ROGERS,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. V-06-58 |
| | § | |
| **NATHANIEL QUARTERMAN, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Institutional Division,**[1] | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION & ORDER

Pending before this Court is a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 (Dkt. No. 1), filed by Carleton W. Rogers ("Petitioner"), an inmate of the Texas Department of Criminal Justice-Correctional Institutions Division ("TDCJ-CID"). Also pending before the Court are Petitioner's Motion to Proceed Without Prepayment of Fees (Dkt. No. 18), Petitioner's Motion to Amend Petition for Writ of Habeas Corpus (Dkt. No. 26),[2] Petitioner's Motion for Appointment of Counsel (Dkt. No. 29), Respondent's Motion for Summary Judgment (Dkt. No. 31) and Petitioner's Motion to Commute Sentence (Dkt. No. 36). After considering Respondent's motion, Petitioner's response and motions, the record and the applicable law, the Court concludes that Petitioner's Motion to Proceed Without Prepayment of Fees

---

[1] Nathaniel Quarterman is the proper respondent and is hereby substituted as such. FED. R. CIV. P. 25(d)(1).

[2] Petitioner identifies this motion with a variety of headings including "Motion of Responsive Pleadings to Action Pursuant to 28 U.S.C. § 2241, *et seq.*"; "Motion to Amend Records of Habeas Corpus V-06-58"; and "Motion to Amend this Case V-06-58 to Include Alabama Original Arrest and Mainly Texas Revocation of Probation and Sentencing by State of Texas." The Court construes this array of titles and/or subtitles simply as Petitioner's Motion to Amend Petition for Writ of Habeas Corpus.

should GRANTED, Petitioner's Motion to Amend Petition for Writ of Habeas Corpus should be DENIED, Petitioner's Motion to Commute Sentence should be DENIED, Petitioner's Motion for Appointment of Counsel should be DENIED, Respondent's Motion for Summary Judgment should be GRANTED and Petitioner's habeas petition should be DISMISSED.

## I. Procedural History

Petitioner is incarcerated pursuant to the adjudication of guilt and sentence of the 24th District Court of Jackson County, Texas, in cause number 03-4-6778, styled *The State of Texas v. Carleton Wayne Rogers*. Petitioner pleaded guilty on April 7, 2003 to aggravated assault on a peace officer in Edna, Texas. Jackson County Clerk's Record ("CR") at Plea Memorandum.[3] Following Petitioner's guilty plea ("Original Guilty Plea"), the state court entered an April 7, 2003 order placing Petitioner on ten-years deferred adjudication, subject to the terms and conditions of his community supervision. CR at Deferred Adjudication. On May 5, 2003, the Jackson County Court issued an order amending the terms and conditions of Petitioner's community supervision. CR at Motion to Amend the Terms of Community Supervision. The amendment merely altered the amount Petitioner would reimburse Jackson County for providing him a court-appointed attorney. *Id.* Petitioner apparently did not appeal, file a petition for discretionary review or file an application for a state writ of habeas corpus contesting his plea or placement on deferred adjudication. Dkt. No. 8; Dkt. No. 31, Ex. A; *see also* Texas Judiciary Website, http://www.13thcoa.courts.state.tx.us (no petition for discretionary review filed); Texas Court of Criminal Appeals Website, http://www.cca.courts.state.tx.us (no application for state writ of habeas corpus filed). Furthermore,

---

[3] The Jackson County Clerk's records pertaining to Petitioner's criminal proceedings are unnumbered. Thus, citations to the County Clerk's records refer to the name of the relevant document.

there is no indication that Petitioner filed a motion for new trial or any other post-conviction motions with the state court that would have tolled the appellate deadline under Texas law.

Over two years later, on August 3, 2005, the State filed a Petition for Revocation and Final Adjudication in which the State alleged Petitioner committed twelve violations of the terms and conditions of his community supervision. CR at Petition for Revocation and Final Adjudication. On October 4, 2005, more than three years after his Original Guilty Plea, Petitioner filed his Original Petition for habeas relief under 28 U.S.C. § 2254 challenging the voluntariness of his Original Guilty Plea. Dkt. No. 1 at 13; *Spotsville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (a federal habeas petition is considered filed on the date it is placed in the prison mail system).

Several months later, on February 6, 2006, Petitioner pleaded "true" to having violated the conditions of his community supervision as set out in paragraphs four through twelve of the State's Petition for Revocation and Final Adjudication. CR at Adjudication of Guilt. As a result of his later plea ("Subsequent Plea of True"), Petitioner was sentenced to six years confinement in the TDCJ-CID. *Id.* On March 26, 2006, Petitioner filed an Amended Petition for habeas relief challenging the voluntariness of both his Original Guilty Plea and Subsequent Plea of True. Dkt. No. 8. As the case with Petitioner's Original Guilty Plea, Petitioner apparently failed to appeal, file a petition for discretionary review or apply for a state writ of habeas corpus regarding his Subsequent Plea of True.

Petitioner's Original and Amended Petition were originally filed in the Southern District of Alabama, where Petitioner was apparently serving time on unrelated charges, and subsequently transferred to this Court. *Id.*; Dkt. No. 12; Dkt. No. 13.

## II. Claims and Allegations

Although difficult to discern, the Court understands Petitioner to allege the following: (1) Petitioner's Original Guilty Plea, which led to his placement on deferred adjudication, was coerced,

made under duress or otherwise involuntary, and (2) Petitioner's Subsequent Plea of True to the allegations he violated the terms and conditions of his community supervision was coerced, made under duress or otherwise involuntary.[4]  Dkt. No. 1 at 1; Dkt. No. 8 at 3-4, 6-8; Dkt. No. 19 (entitled "Statement of Facts to Clarify Said Action") at 1.

In Petitioner's Response to Respondent's Motion for Summary Judgment (Dkt. No. 33), Petitioner also appears to bring vague claims of ineffective assistance of counsel and denial of his "right to a fair trial."  Dkt. No. 33 at 1.  The Court cannot determine from the face of Petitioner's Response whether he wishes to allege his ineffective assistance and/or fair trial claims in connection with the proceedings surrounding his Original Guilty Plea, Subsequent Plea of True, or both.  In any case, Petitioner's ineffective assistance and fair trial claims are subject to the same procedural infirmities as the claims initially described above and ultimately dismissed below.

### III. Legal Standard

Summary judgment is proper if the pleadings and evidence "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Hall v. Thomas*, 190 F.3d 693, 695 (5th Cir. 1999).  In considering a motion for summary judgment, the court construes factual controversies in a light most favorable to the non-movant, but only if both parties have introduced evidence showing that an actual controversy exists. *Lynch Properties, Inc. v. Potomac Ins. Co. of Illinois*, 140 F.3d 622, 625 (5th Cir. 1998).[5]  The

---

[4] As Respondent points out, and as alluded to above, Petitioner's Original Petition (Dkt. No. 1) merely challenges the voluntariness of his Original Guilty Plea.  Indeed, Petitioner's Original Petition could not have contested the voluntariness of his Subsequent Plea of True because, as of October 4, 2005, the date Petitioner filed his Original Petition, he was still on deferred adjudication and had not yet entered his later plea.  *See* CR at Petition for Revocation and Final Adjudication (filed August 3, 2005); CR at Adjudication of Guilty (dated February 6, 2006).  Petitioner's Amended Petition (Dkt. No. 8), however, appears to challenge the voluntariness of both Petitioner's pleas.

[5] The Fifth Circuit has held that Rule 56 applies only to the extent it does not conflict with the habeas rules. *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002) (citing Rule 11 of the Rules Governing Section 2254 Cases in the District Courts), *cert. granted in part on other grounds, and dism'd*, 124 S. Ct 1652 (2004).  Therefore, 28 U.S.C. § 2254(e)(1) – which mandates that findings of fact made by a state court are "presumed to be correct" – overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable

4

burden is on the movant to convince the court that no genuine issue of material fact exists as to the claims asserted by the non-movant, but the movant is not required to negate elements of the non-movant's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The non-moving party may not rest solely on its pleadings. *King v. Chide*, 974 F.2d 653, 656 (5th Cir. 1992). For issues on which the non-movant will bear the burden of proof at trial, that party must produce summary judgment evidence and designate specific facts which indicate that there is a genuine issue for trial. *Celotex*, 477 U.S. at 322; *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996). The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To meet its burden, the non-moving party must present "significant probative" evidence indicating that there is a triable issue of fact. *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994). If the evidence rebutting the summary judgment motion is only colorable or not significantly probative, summary judgment should be granted. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986).

## IV. Discussion

### A. Statute of Limitations - Petitioner's Original Guilty Plea

Petitioner filed his Original Petition on October 4, 2005. Dkt. No. 1 at 13; *Spotsville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998). His petition is thus subject to the amendments to the federal habeas corpus statutes embodied in the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (holding that federal habeas petitions filed after AEDPA's April 24, 1996 effective date are subject to the provisions of

---

to the non-moving party. *See id.* Unless the petitioner can "rebut[] the presumption of correctness by clear and convincing evidence" as to the state court's findings of fact, those findings must be accepted as correct. *See id.*

5

that statute, including the statute of limitations) (citing *Lindh v. Murphy*, 521 U.S. 320, 336 (1997)). Under AEDPA, federal habeas petitions which challenge state court judgments are subject to a one-year limitations period pursuant to 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Regarding Petitioner's contention that his Original Guilty Plea was involuntary, Petitioner's claim is clearly time-barred. Applying AEDPA's statute of limitations to the facts in this case reveals that Petitioner's time to file his federal habeas petition as to his Original Guilty Plea began no later than May 8, 2003, one day after the expiration of the time for Petitioner to seek direct review of his April 7, 2003 plea and placement on deferred adjudication. *See Caldwell v. Dretke*, 429 F.3d 521, 528-30 (5th Cir. 2005) (orders of deferred adjudication are considered judgments for the purposes of triggering AEDPA's limitations period); TEX. R. APP. P. 26.2(a)(1) (West 2003)

(defendants must file a notice of appeal "within 30 days after the day sentence is imposed or suspended in open court").  Thus, Petitioner had until May 7, 2004 to file his habeas petition. 28 U.S.C. § 2244(d).  Petitioner failed to file a federal habeas petition until October 4, 2005, over a year removed from the statutory deadline.  Petitioner's habeas petition is therefore time-barred unless he can show that the limitations period was tolled either by statute as set forth in 28 U.S.C. § 2244(d) or under principles of equity.

Petitioner appears to argue that, pursuant to 28 U.S.C. § 2244(d)(2), he is entitled to a tolling of AEDPA's statute of limitations during the pendency of what he apparently believes to be his state habeas petition(s).  Dkt. No. 8 at 12; Dkt. No. 33 at 2.  In Petitioner's Amended Petition (Dkt. No. 8), Petitioner makes a statement to the effect that he "filed in 03 and 05 for habeas corpus relief 113 St. Joseph St., Mob. Al."  Dkt. No. 8 at 12.  The address Petitioner provides is the address of the United Stated District Court for the Southern District of Alabama.  However, to the extent the Court could read Petitioner's statement as his attempt to indicate he filed at least one timely application for state habeas relief, the Court is unaware of any such filing.  *See* Dkt. No. 31, Ex. A; Texas Court of Criminal Appeals Website, http://www.cca.courts.state.tx.us.

Petitioner also appears to argue that his filing of a § 1983 action in this Court in December of 2005 should operate to toll the limitations period for his habeas claim regarding his Original Guilty Plea.  Dkt. No. 33 at 2; *Rogers v. Wooldridge*, CA No. V-05-126 (S.D. Tex., Sept. 20, 2006).  However, even if the Court were to consider Petitioner's § 1983 action as one that could toll the limitations period, it was filed well after Petitioner's one-year period for requesting habeas relief and would not preserve his claim.  To the extent Petitioner seems to contend the habeas petition filed in the Southern District of Alabama operates to toll the limitations period from running, *see* Dkt. No. 33 at 2, such an argument is obviously without merit.  The habeas petition Petitioner appears to

7

reference is the same as that the Court considers today and is patently time-barred. Although 28 U.S.C. § 2244(d)(2) would have tolled Petitioner's limitation period during the pendency of his state habeas proceedings, because Petitioner failed to engage in such a procedure, statutory tolling does not apply.

Petitioner is also not entitled to equitable tolling concerning his Original Guilty Plea. Equitable tolling of AEDPA's statute of limitations is available only in "exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998). As the Fifth Circuit has explained, the doctrine of equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Melancon v. Kaylo*, 259 F.3d 401, 407 (5th Cir. 2001) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). Petitioner claims he should be granted equitable tolling based on his attorney's supposed ineffective assistance and the alleged criminal and "oppressive" acts of the Jackson County officials who oversaw his state criminal proceedings. Dkt. No. 33 at 2-3. Although a claim of ineffective assistance of trial or appellate counsel may be a ground for habeas relief, it is not a ground for equitable tolling. *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002) ("mere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified") (quoting *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002)). Moreover, Petitioner's allegations regarding the allegedly coercive behavior of the Jackson County officials concern the basis of his underlying habeas claims and not the reason for the untimeliness of his federal habeas petition. Petitioner also provides no support for his bold allegations and the record bears no indication that the State impeded Petitioner's efforts to timely pursue the legal remedies then available to him. Thus, the Court finds it clear that no equitable tolling should apply. Petitioner has presented no facts that show he was actually prevented "in some extraordinary way from

asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 401-02 (5th Cir. 1999). Therefore, Petitioner's claims relating to his Original Guilty Plea are hereby dismissed with prejudice as time-barred.

**B. Exhaustion - Petitioner's Original Guilty Plea and Subsequent Plea of True**

Under 28 U.S.C. § 2254, a habeas petitioner must exhaust available state remedies before seeking relief in the federal courts. *See Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997). To exhaust his state remedies, the petitioner must fairly present the substance of his claim to the state courts. *Id.* (citing *Picard v. Connor*, 404 U.S. 270, 275-76 (1971)).

Exhaustion requires that federal claims be fairly presented to the highest court of the relevant state. *Myers v. Collins*, 919 F.2d 1074, 1076 (5th Cir. 1990). In Texas, a petitioner satisfies this requirement by presenting his claims to the Court of Criminal Appeals of Texas by filing a petition for discretionary review or, in post-conviction matters, by filing a state application for a writ of habeas corpus. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07; *Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir. 1985).

Petitioner's claims relating to the voluntariness of both his Original Guilty Plea and Subsequent Plea of True are completely unexhausted. Petitioner failed to file a petition for discretionary review or an application for a state writ of habeas corpus and thus did not raise any claims regarding either his Original Guilty Plea or Subsequent Plea of True with the Court of Criminal Appeals. Dkt. No. 8; Dkt. No. 31, Ex. A. Accordingly, all of Petitioner's claims are unexhausted and this action will be dismissed without prejudice for failure to exhaust all available remedies to the state's highest court of criminal appeals as required by the provisions of 28 § U.S.C. 2254.

At this juncture, the correct method by which Petitioner may challenge his adjudication of guilt and sentence is through an application for a writ of habeas corpus filed pursuant to TEX. CODE CRIM. P. ANN. art 11.07.[6] Petitioner is admonished that federal habeas petitions are subject to a one-year statute of limitations pursuant to the provisions of 28 U.S.C. § 2244(d) as discussed above. Petitioner should familiarize himself with and fully comply with these time limitations by promptly filing requests for information about his state court application with the convicting state court. If no relief is granted in the state courts, Petitioner must file another federal habeas petition within thirty days following a ruling on his state habeas application by the Court of Criminal Appeals.

## V. Miscellaneous Motions

Petitioner's Motion to Amend Petition for Habeas Corpus (Dkt. No. 26) is denied because, to the extent it is legible, it appears to merely reiterate the grounds for relief previously urged and offers no new information that would alter this Court's conclusions. *See* Dkt. No. 1; Dkt. No. 8.

Petitioner' Motion to Commute Sentence (Dkt. No. 36) is similarly denied because it essentially reargues the grounds asserted his habeas petition and offers nothing to change this Court's reasoning.

Petitioner's Motion for Appointment of Counsel (Dkt. No. 29) resembles several of Petitioner's previous motions for court-appointed counsel that the Court has denied in this matter. *See* Dkt. No 20; Dkt. No. 21; Dkt. No. 23. Once again, the Court denies Petitioner's motion for court-appointed counsel because there is no right to counsel in petitions for habeas relief under 28 U.S.C. § 2254 in non-capital cases. *McFarland v. Scott*, 512 U.S. 849, 857 n.3 (1994); *Callins v. Johnson*, 89 F.3d 210, 212 (5th Cir. 1996).

---

[6] Because Petitioner's claims concerning his Original Guilty Plea are time-barred with no exception, Petitioner shall not engage in further efforts to seek federal habeas relief regarding such claims.

Finally, the Court notes that Petitioner has brought this action without paying the required filing fee. Petitioner, however, has filed a Motion to Proceed Without Prepayment of Fees (Dkt. No. 18) and submitted the appropriate records. Therefore, the Court grants Petitioner permission to proceed *in forma pauperis*.

## VI. Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability" ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA "may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2254(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322 (2003). Although Petitioner has not yet filed a notice of appeal, the Court nonetheless addresses whether he would be entitled to a COA. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (it is appropriate for a district court to address sua sponte the issue of whether a COA should be granted or denied).

To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

It is unnecessary for the Court to address whether the § 2254 petition before this Court states a valid claim of the denial of a constitutional right, because Petitioner cannot establish the second *Slack* criteria. That is, the Court concludes that reasonable jurists could not debate the denial of his § 2254 petition on procedural grounds. Under the plain record of this case, Petitioner's claims

relating to his Original Guilty Plea are barred by the applicable statute of limitations. Furthermore, Petitioner's claims concerning both his Original Guilty Plea and Subsequent Plea of True remain completely unexhausted. Accordingly, Petitioner is not entitled to a COA.

## VII. Conclusion

For the reasons stated above, the court ORDERS the following:

1. Petitioner's Motion to Proceed Without Prepayment of Fees (Dkt. No. 18) is GRANTED.

2. Petitioner's Motion to Amend Petition for Writ of Habeas Corpus (Dkt. No. 26) is DENIED.

3. Petitioner's Motion to Commute Sentence (Dkt. No. 36) is DENIED.

4. Petitioner's Motion for Appointment of Counsel (Dkt. No. 29) is DENIED.

5. Respondent's Motion for Summary Judgment (Dkt. No. 31) is GRANTED.

6. Petitioner's Petition for Writ of Habeas Corpus (Dkt. No. 1) is DISMISSED.

7. A Certificate of Appealability shall not issue.

Signed this 25th day of February, 2008.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE