IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| CARLETON ROGERS, | § | |
| | § | |
|    Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION V-06-58 |
| | § | APPEAL NO. 08-40415 |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
|    Respondent. | § | |

## MEMORANDUM OPINION & ORDER

Petitioner Carleton Rogers ("Petitioner") appealed this Court's judgment granting Respondent's motion for summary judgment and denying Petitioner's petition for habeas relief. This Court's judgment was entered on February 25, 2008. Dkt. No. 38. On April 14, 2008, Petitioner filed numerous motions including a Notice of Appeal (Dkt. No. 40) and Motion for Extension of Time (Dkt. No. 43). The United States Court of Appeals for the Fifth Circuit remanded this case because it was unable to determine whether Petitioner filed the notice of appeal timely or if excusable neglect or good cause warrant extending the time to file a notice of appeal.

Accordingly, the Court ordered Petitioner to submit an affidavit specifying in detail when, how, and where he received the Court's February 25, 2008 Order and when, how, and where he placed his notice of appeal in the prison mail system. The Court also ordered the mailroom supervisor for the TDCJ-CID Darrington Unit ("Darrington Unit"), or an authorized designee, to complete and execute an affidavit and submit it with a copy of those pages of the legal mail log showing all entries made for the dates between February 25, 2008, and April 14, 2008, of legal correspondence delivered to or mailed by Petitioner.

Although Petitioner filed several documents in response to the both the Fifth Circuit and this Court's orders, he failed to submit an affidavit, sworn under penalty of perjury, stating precisely when he placed his notice of appeal in the prison mail system. *See* Dkts. No. 53, 55, 56, and 57. Despite his failure to comply with the Court's order, Petitioner appears to claim he placed his notice of appeal in the prison mail system on March 31, 2008, the same day he claims to have received the Court's February 25, 2008 Order. *Id.* The mailroom supervisors for the TDCJ-ID's Carole Young Medical Facility and Hospital Galveston ("Medical Facility") and Darrington Unit complied with the Court's order, and both submitted relevant mail logs. *See* Dkt. No. 58.

Based on the evidence in the record, the Court finds that before the Court's February 25, 2008 Order arrived at the Darrington Unit, Petitioner was transferred to Galveston for medical treatment. The Court's Order reached the Darrington Unit during his absence and was thus forwarded to the Medical Facility. Petitioner, however, did not receive the Order during his stay in Galveston and returned to the Darrington Unit unaware of the Court's dismissal. Once at the Darrington Unit, Petitioner requested the legal mail received by the prison while he was away and, sometime between March 28 and March 31, 2008, he received the Court's Order. Petitioner then, sometime between March 31 and April 8, 2008, placed his notice of appeal and motion for extension of time in the prison mail system.

The evidence before the Court supports these findings. The record reveals that two pieces of mail from this Court were delivered to the Darrington Unit on February 27, 2008. The Court presumes these mailings to be the Court's Memorandum Opinion and Order and Final Judgment. A handwritten note placed between the incoming mail notations reads as follows: "Sent to HG." The Court understands this to mean that the two documents were forwarded to the Carole Young Medical

Facility and Hospital Galveston. The mail log from the Medical Facility indicates that the facility received these pieces of mail on March 25 and 26, 2008. The record further indicates that the mailings were then sent back to the Darrington Unit, which received them on March 26 and 28, 2008. Although the Darrington Unit's outgoing mail log reveals that the Darrington Unit mail room staff placed Petitioner's legal mail in the United States mail system on April 8, 2008, it does not reflect when Petitioner placed such mail in the prison mail system. Thus, while the Court cannot identify the exact date Petitioner placed his notice of appeal in the prison mail system, the Court can conclude that the notice was placed in the prison mail system between March 31 and April 8, 2008.

Federal Rule of Appellate Procedure 4(a)(5)(A) permits a district court to extend the time a party may file a notice of appeal if (1) the party so moves no later than 30 days after the time prescribed by Rule 4(a) expires and (2) the party shows excusable neglect or good cause. FED. R. APP. P. 4(a)(5)(A); *Stotter v. Univ. of Tex. at San Antonio*, 508 F.3d 812, 820 (5th Cir. 2007) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Based on the foregoing, the Court finds that Petitioner placed his notice of appeal in the prison mail system between March 31 and April 8, 2008, i.e., within thirty days after his March 26, 2008 deadline expired, and good cause warrants extending the time in which Petitioner had to file a notice of appeal.

The Court returns this case to the Fifth Circuit for further proceedings.

Signed on this 14th day of July, 2008.

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE